UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 3:15CR151(JAM) |
| v. | : | |
| | : | |
| PENNY ROY | : | June 14, 2017 |

**<u>Sentencing Memorandum</u>**

For over six years, the defendant, Penny Roy, embezzled money from the small computer services company where she worked, Tallan, Inc. ("Tallan"). Ms. Roy abused her position in Tallan's payroll department to steal nearly $1.7 million from her employer. That is a *fortune* to most people. As reflected in the victim impact statement Tallan has submitted to the Court, Ms. Roy's crime had a profound impact on the company's bottom line and, just as important, on its culture.[1] Ms. Roy also failed to pay nearly $500,000 in taxes on the money she stole, much of which she gambled away at casinos. These are serious crimes, and Ms. Roy's sentence should reflect their gravity. That said, the Government acknowledges that, in fashioning a just sentence, the Court must take into account Ms. Roy's personal history and characteristics, including the various addictions and disorders that contributed to her crimes. Likewise, since pleading guilty in August 2015, Ms. Roy has made significant progress through her participation in Support Court in working through certain of the root causes that led to her crimes. Accordingly, the Government respectfully

---

[1] The Government has consulted extensively with Tallan, including with respect to the Government's sentencing recommendation. The Government expects a representative from Tallan to address the Court at Ms. Roy's sentencing hearing.

1

suggests that a sentence of two years of imprisonment (*i.e.*, roughly half the midpoint of the applicable Guidelines range of 41 to 51 months) would appropriately vindicate the victim's interests and reflect Ms. Roy's commendable progress in Support Court.

I.     **Factual Background**

The facts underlying Ms. Roy's convictions are set out accurately in the resentence report ("PSR"), and adopted by the Government as follows.

From 1997 until October 2013, Ms. Roy worked at Tallan, a small computer services company. Ms. Roy's responsibilities included processing Tallan's biweekly payroll; processing employee expense reimbursements; and inputting any changes to employee profiles, including changes to employee bank account information.

From at least December 2006 until October 2013, Ms. Roy exploited her position in Tallan's payroll department to steal money from the company. More specifically, until early 2013, Ms. Roy inserted her own bank account information into the payroll profiles of certain other Tallan employees. She also reactivated the profiles of certain former employees and input her own bank account information into their profiles.  Ms. Roy processed false expense reimbursements for both the current and former employees, with the funds going into her own bank account. Ms. Roy did the same with false payroll payments for the former employees, and also diverted to herself compensation actually owed to the current employees (in amounts she calculated the employees would not detect).

In early 2013, after Tallan switched payroll processing applications, Ms. Roy changed the mechanics of her scheme. Instead of processing payments in other

employees' names, she processed fraudulent expense reimbursements in her own name. She was terminated after these transactions were discovered in October 2013.

In all, from December 2006 to October 2013, Ms. Roy processed $1,693,252.59 in fraudulent payments into her own bank account. However, the actual loss to Tallan was far higher, because by the time the fraudulent payments hit Ms. Roy's account, Tallan had already withheld federal and state payroll taxes and other deductions on what it believed to be employees' taxable earnings. The total loss to Tallan was $2,075,687.74. To date, Ms. Roy has repaid $56,032.75 of this amount and still owes Tallan $2,019,654.99.

To further hide her theft, Ms. Roy failed to report the proceeds of the scheme to the Internal Revenue Service ("IRS") on her annual tax returns. In all, by filing false tax returns, Ms. Roy deprived the IRS of $494,963 in federal income taxes for the 2006, 2007, 2008, 2009, 2010, 2011, and 2012 tax years.

## II. Sentencing Guidelines

The Government agrees with the Sentencing Guidelines calculation in the PSR, resulting in an advisory Guidelines range of 41 to 51 months of imprisonment.

## III. Discussion

Ms. Roy's crimes played out over more than six years, netted her nearly $1.7 million, and destabilized the small company where she had worked since 1997. Her theft from Tallan was both intricate and conniving, as she carefully resurrected the payroll profiles of former employees, and pilfered small amounts of money owed to other current employees. She covered her tracks to evade detection, both by doctoring

3

Tallan's internal records and by falsifying her tax returns. As Tallan's victim impact statement makes clear, Ms. Roy's theft fundamentally changed how the company operates and eroded its culture. So there is a real victim here which suffered real losses, both financial and otherwise.

What is particularly galling is that Ms. Roy coldly stole from the same people she worked with every day—especially at a time when her company was experiencing financial distress, and her co-workers were being furloughed and laid off. She knew other people needed that money. That is truly outrageous behavior. The need to strongly condemn conduct like Ms. Roy's calls for a serious sentence. Ordinarily, for a defendant who came to work every day and stole from her employer for the better part of a decade, a Guidelines sentence would not be unduly harsh. That is especially true given the amount Ms. Roy personally pocketed—almost $1.7 million. A multiyear sentence would reflect the seriousness of the offense (including the profound impact on the victim) and promote respect for the law.

At the same time, it is equally true that Ms. Roy's crimes were caused, at least in part, by underlying addictions and disorders, more fully described in her sentencing memorandum and accompanying exhibits. Those root causes do not excuse Ms. Roy's conduct, but her successful efforts to address her addictions through Support Court should weigh in her favor insofar as, *e.g.*, she has lowered her risk of recidivism. Accordingly, a below-Guidelines sentence is appropriate here.

The more difficult question is how far below. While a sentence of 30 or even 36 months would not be unreasonable in light of Ms. Roy's personal gain from her

4

crimes, her abuse of Tallan's trust, and the duration and egregiousness of her offenses, the Government respectfully suggests that a lesser sentence of 24 months still would adequately serve the aims of 18 U.S.C. § 3553(a). Whatever strides Ms. Roy has made since pleading guilty, she must be held accountable for her crimes in a way that promotes public confidence in the law.

## IV. Restitution

Restitution to Tallan is mandatory under 18 U.S.C. § 3663A in the amount of $2,019,654.99. The Government has been informed by Tallan that Ms. Roy has not made any prejudgment payments to the company during the many months since her guilty plea, although she certainly has been aware (pursuant to the parties' plea agreement) of her impending restitution obligation. Hence, one effect of Ms. Roy's time in Support Court is that Tallan has had to wait over a year and a half to receive any of its money back. The Government also is concerned that Ms. Roy's commitment to making progress in Support Court apparently did not extend to setting aside money for her victim.

Restitution also is owed to the IRS in the amount of $494,963, plus applicable interest. Pursuant to 18 U.S.C. § 3664(i), full restitution to Tallan takes priority over any restitution to the IRS.

Respectfully submitted,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

*/s/ Avi Perry*

AVI M. PERRY
ASSISTANT UNITED STATES ATTORNEY
United States Attorney's Office
157 Church Street, 25th Floor
New Haven, CT 06510
avi.m.perry@usdoj.gov
203-821-3700
Federal Bar No. phv07156

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 14, 2017, a copy of the foregoing Sentencing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

AVI M. PERRY
ASSISTANT UNITED STATES ATTORNEY