UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

v.                                              No. 3:15-cr-151 (JAM)

PENNY ROY,
    *Defendant*.

**ORDER DENYING MOTION TO SEAL
AND REQUIRING THE FILING OF A PROPER MOTION TO SEAL AND
ACCOMPANYING SENTENCING MEMORANDUM**

Defendant Penny Roy has filed a motion to seal her sentencing memorandum (Doc. #50) and has separately filed a sentencing memorandum and related attachments under seal (Doc. #51). The motion to seal states in its entirety that "[t]he defendant through his [sic] undersigned counsel respectfully moves the Court for an Order sealing the Defendant's Memorandum Re: Sentencing filed on June 12, 2017, and any order entered thereon." Doc. #50.

The public has a presumptive right of access to judicial documents under both the First Amendment and the common law. *See, e.g.*, *Lugosch v. Pyramid Co.*, 435 F.3d 110, 119–20 (2d Cir. 2006). Sentencing memoranda in criminal cases qualify as "judicial documents" to which the presumptive right of public access attaches. *See United States v. Litvak*, 2015 WL 328876, at *2 (D. Conn. 2015); *United States v. Huntley*, 943 F. Supp. 2d 383, 385–86 (E.D.N.Y. 2013); *cf. United States v. Alcantara*, 396 F.3d 189, 197–99 (2d Cir. 2005) (discussing First Amendment right of access to sentencing proceedings). As Judge Weinstein has observed: "Particularly important is transparency in our judicial branch. Its power depends upon the people's confidence. That confidence is founded on the fact that the material judges rely on for decision is available to the public—decisions by which judges' work is judged." *Huntley*, 943 F. Supp. 2d at 385.

Under the First Amendment, a judicial document may be sealed only if a court finds that sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016). Similarly, under the common law, a judicial document may be sealed "only if the court concludes that the presumption of public access—whose weight depends upon the nature of the document—is outweighed by 'competing considerations' such as, *e.g.*, privacy interests, public safety, or attorney-client privileged information." *Litvak*, 2015 WL 328876, at *2 (quoting *Lugosch*, 435 F.3d at 120).

If a criminal defendant has "submitted the relevant information for the purposes of the court's consideration in determining what sentence would be appropriate," and where "the information was important to the court's ultimate sentencing decision," the presumption of public access may be especially weighty. *Id.* at *3. In all cases, a court must "make specific, rigorous findings before sealing [a] document or otherwise denying public access." *Bernstein*, 814 F.3d at 141. *See also Lugosch*, 435 F.3d at 124 (because of the presumption of public access to judicial documents, sealing orders to protect competing interests such as privacy must be "narrowly tailored" to achieve those aims).

Here, the motion to seal does not state any reasons that would justify sealing of defendant's entire sentencing memorandum. If the Court were to grant defendant's motion in the absence of any stated reasons to support sealing, it would be an obvious violation of the First Amendment and common law rights of public access to court documents.

In light of the public's right of access to judicial documents, this Court has long had a local rule that prescribes the appropriate procedure for counsel in criminal cases to follow if they wish to file a document under seal. Local Criminal Rule 57 provides in relevant part that "[n]o

judicial document shall be filed under seal, except upon entry of an order of the Court either acting *sua sponte* or specifically granting a request to seal that document," and "[a]ny such order sealing a judicial document shall include particularized findings demonstrating that sealing is supported by *clear and compelling reasons* and is *narrowly tailored* to serve those reasons." D. Conn. L. Crim. R. 57(b)(3) (emphasis added). Because of the basic requirements that sealing be supported not only by clear and compelling reasons but also that any sealing be narrowly tailored to serve those compelling reasons, the local rules further prescribe procedures for counsel to file a redacted public version and an unredacted sealed version of documents to be filed under seal. *See* D. Conn. L. Crim. R. 57(b)(4).

When either the prosecution or defense counsel file a sentencing memorandum, they should consider at the outset whether it is necessary to seek sealing of the entire memorandum. For example, if the entire memorandum discusses nothing other than the scope and extent of a defendant's confidential cooperation efforts, then there may be good reason to seek to file the entire memorandum under seal. *See, e.g.*, *United States v. Armstrong*, 185 F. Supp. 3d 332 (E.D.N.Y 2016) (denying motion to unseal any portions of letters describing a defendant's cooperation). If so, counsel should file a motion to seal that explains why sealing of the entire memorandum is supported by clear and compelling reasons and why sealing of the entire memorandum is indeed narrowly tailored to serve those reasons.

More likely, however, sealing may be warranted only for limited parts of a sentencing memorandum. That is plainly the case here. Defendant's sentencing memorandum describes her childhood, her drinking and gambling problems, her success as a participant in the Support Court, how the victim company has allegedly "absorbed" the loss from defendant's embezzlements, and how the fraud guidelines of the Sentencing Guidelines may be too severe.

3

No plausible claim could be made that any of these facts and arguments in the sentencing memorandum should be placed under seal. *See, e.g.*, *Martin v. Astrue*, 2010 WL 1644514, at *2 (D. Conn. 2010) ("Plaintiff has redacted every reference in his Memorandum to his medical history concerning his back problems, his age, his education, and his work history, yet he has made no showing as to why this information is so highly sensitive that it should be sealed.").

On the other hand, defendant's sentencing memorandum quotes from certain psychiatric evaluation reports and also attaches these reports as exhibits. The contents of these psychiatric evaluations would properly be subject to sealing. *See, e.g.*, *Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006).

If a legitimate claim cannot be made to seal an entire sentencing memorandum, then counsel who appear before me should consider at least two options for how to proceed. First, counsel may choose instead to file *two* sentencing memoranda: one memorandum may be filed entirely on the public record that limits its discussion to those matters that are not properly subject to sealing, and then a second supplemental memorandum may be simultaneously filed that discusses only those matters that are actually properly subject to sealing (accompanied of course by an appropriate motion to seal and related filings pursuant to Local Rule 57). Alternatively, counsel may file a single sentencing memorandum with targeted, black-out redactions of the specific portions of the memorandum and of any attachments that disclose properly sealable matters (again, accompanied by an appropriate motion to seal and related filings pursuant to Local Rule 57).

Defense counsel here did not pursue either of these two options or make any effort to allow for the public's right of access to sentencing memoranda and to comply with Local Criminal Rule 57. Accordingly, I will deny the motion to seal (Doc. #50), and I will deem

4

defendant's accompanying sentencing memorandum to be withdrawn as improperly filed in the first instance.*

For the reasons set forth above, the motion to seal (Doc. #50) is DENIED without prejudice to defendant's filing of a proper motion to seal and related documents in compliance with D. Conn. L. Crim. R. 57. On or before June 19, 2017, defendant shall file a substitute redacted sentencing memorandum or dual sentencing memoranda as I have described above. Any accompanying motion to seal shall explicitly describe the grounds that would warrant the Court's sealing of any information, showing why sealing is supported by clear and compelling reasons and how the proposed extent of sealing is narrowly tailored to serve those reasons.

It is so ordered.

Dated at New Haven this 15th day of June 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

---

* Despite my denial of the motion to seal, however, I instruct the Clerk of Court to maintain defendant's extant sentencing filing (Doc. #51) under seal, because it is apparent from my review that there are certain portions that could be subject to a proper claim of sealing.